UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24416-GAYLES/OTAZO-REYES

**RAMESH CHERUVOTH**,

    Plaintiff,

v.

**SEADREAM YACHT CLUB, INC., and
SEADREAM YACHT CLUB LIMITED
CORPORATION**,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants SeaDream Yacht Club, Inc., and SeaDream Yacht Club Limited Corporation's (collectively "Defendants") Motion to Dismiss and to Compel Arbitration [ECF No. 13]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, Defendants' Motion is granted in part and denied part.

### BACKGROUND

Plaintiff Ramesh Cheruvoth,[1] who is domiciled in Saudi Arabia, brings this action against Defendants SeaDream Yacht Club, Inc., a corporation registered and incorporated in Florida, and SeaDream Yacht Club Limited Corporation, a foreign corporation registered and incorporated in the Bahamas, alleging claims for quantum meruit, breach of implied contract, unjust enrichment, and breach of oral contract against Defendants. [ECF No. 1]. The parties' dispute centers around

---

[1] Plaintiff's Complaint indicates that the original party in interest, Abdulla Saleh Kamel, also domiciled in Saudi Arabia, assigned all claims and causes of action related to this action to Plaintiff.

two agreements titled "Standard Yacht Hire Agreement" (the "Agreements") to charter a small cruise ship for several days. Both Agreements include an arbitration clause that states in relevant part:

> **Section 14, Governing Law and Venue:** This Agreement is governed by Norwegian law, except for Norwegian choice of law principles. All disputes arising out of or in connection with this Agreement shall be referred to arbitration in accordance with the Norwegian Arbitration Act 14 May 2004 no. 25. The arbitration court shall be composed of three arbitrators. The chairman shall be a Norwegian legal professional. The seat of the arbitral proceedings shall be in Oslo, Norway, and the proceedings shall be conducted in the English language.

[ECF No. 13 at 2 ¶¶ 3, 6]; *see also* [ECF No. 13-1 at 9]; [ECF No. 14-1 at 6]; [ECF No. 14-3 at 6]. Plaintiff disputes the validity of both Agreements, alleging that the first was never executed or agreed to by the parties, [ECF No. 1 at 4 ¶ 20], and the second is null and void because certain conditions precedent were never met. *Id.* at 5 ¶ 23; *see also* [ECF No. 14 at 2]. Defendants, however, argue that Plaintiff's claims arise out of the Agreements and must therefore be submitted to arbitration. In their Motion, Defendants seek to compel arbitration per the terms of the Agreements and dismiss this action. Defendant SeaDream Yacht Club, Inc., alternatively seeks dismissal or summary judgment in its favor as an improper party to the action.

## LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "New York Convention" or the "Convention"), codified at 9 U.S.C. §§ 201–208, "is a multilateral treaty that addresses international arbitration." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020) (citation omitted). The goal of the New York Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed . . . in the signatory countries."

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519–20 n.15 (1974) (citation omitted). "In 1970, the United States acceded to the New York Convention, and Congress enacted implementing legislation in Chapter 2" of the Federal Arbitration Act (the "FAA"). *Outokumpu Stainless USA, LLC*, 140 S. Ct. at 1644 (citation omitted). "[F]ederal courts have original [subject-matter] jurisdiction over any action or proceeding falling under the Convention . . . because they are deemed to arise under the laws and treaties of the United States." *Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1259 (S.D. Fla. 2019) (citations and internal quotation marks omitted).

The Court's inquiry on a motion to compel arbitration under the New York Convention is limited. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted). An arbitration agreement "falls under the Convention" where the agreement "aris[es] out of a legal relationship, whether contractual or not, which is considered commercial," and "which is [not] entirely between citizens of the United States . . . ." 9 U.S.C. § 202. The Court must compel arbitration where the four jurisdictional prerequisites under the New York Convention are met and where the New York Convention's affirmative defenses do not apply. *See Bautista*, 396 F.3d at 1294–95 (citations and footnote omitted). The four jurisdictional prerequisites are met when:

> (1) [T]here is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Id.* at 1294 n.7 (citation omitted); *see also* 9 U.S.C. § 202. The New York Convention "generally establishes a strong presumption in favor of arbitration of international commercial disputes." *Bautista*, 396 F.3d at 1295 (citation omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Mitsubishi Motors Corp. v. Soler Chrysler-*

3

*Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Even where the four jurisdictional prerequisites are satisfied, the party opposing arbitration may bring affirmative defenses to the arbitration agreement. Article II of the New York Convention provides that an arbitration agreement is unenforceable where "the agreement is null and void, inoperative or incapable of being performed." *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1263, 1272 (11th Cir. 2011) (internal citations and quotation marks omitted). Furthermore, the "null and void clause [is] confined to standard breach-of-contract defenses and [] the limited scope of the Convention's null and void clause must be interpreted to encompass only those situations—such as *fraud, mistake, duress, and waiver*—that can be applied *neutrally on an international scale*." *Id.* at 1272 (internal citations and quotation marks omitted). "The Eleventh Circuit has interpreted the Convention's 'null and void' clause to limit the bases upon which an international agreement may be challenged to standard breach-of-contract defenses." *Ytech 180 Units Miami Beach Invs. LLC*, 359 F. Supp. 3d at 1266–67 (citing *Bautista*, 396 F.3d at 1302).

## ANALYSIS

**A.  The Court's Jurisdiction**

Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). [ECF No. 1 at 2 ¶ 5]. Plaintiff states that he is domiciled in Saudi Arabia, that Defendant SeaDream Yacht Club, Inc., is a corporation registered and incorporated—and thus domiciled—in Florida, and that SeaDream Yacht Club Limited Corporation is a foreign corporation registered and incorporated—and thus domiciled—in the Bahamas. *Id.* District courts enjoy "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C.

§ 1332(a)(2). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). Upon consideration of the parties' domicile, the Court finds that diversity jurisdiction exists in this action. However, because the issues in the Motion relate to a federal statute—namely, the provisions of the FAA—the Court also finds that federal question jurisdiction exists. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court thus proceeds to consider the merits of the Motion.

**B.     Defendants' Motion to Compel Arbitration**

Defendants argue that Plaintiff's claims are subject to arbitration pursuant to the arbitration clause in the Agreements. Plaintiff opposes arbitrating his claims, arguing that the Agreements are null and void. The Court first determines whether the Agreements satisfy the four jurisdictional prerequisites under the New York Convention and then considers Plaintiff's arguments against compelling arbitration.

*1.     The Four Jurisdictional Prerequisites*

Although Plaintiff does not challenge the four jurisdictional prerequisites and only attempts to bring affirmative defenses, the Court nonetheless evaluates the prerequisites against the Agreements and finds that they are met. The Agreements satisfy the first jurisdictional prerequisite because they are agreements in writing that reflect the parties' signatures and contain an arbitration clause, titled "Section 14, Governing Law and Venue". *See* [ECF No. 13-1]; [ECF No. 14-1]; [ECF No. 14-3]; *see also, e.g.*, *Bendlis v. NCL (Bahamas), Ltd.*, 112 F. Supp. 3d 1339, 1343–44 (S.D. Fla. 2015). The second jurisdictional prerequisite is met because Norway is a signatory to the treaty implementing the New York Convention. *See Azavedo v. Royal Caribbean Cruises, Ltd.*, 4 F.

Supp. 3d 1357, 1360 (S.D. Fla. 2014) (citation omitted) (noting Norway's status as a signatory to the New York Convention); *Contracting States – List of Contracting States*, N.Y. Arb. Convention, http://www.newyorkconvention.org/list+of+contracting+states (last visited Oct. 21, 2020); *Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) (the "New York Convention")*, U.N. Comm'n on Int'l Trade Law, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited Oct. 21, 2020). The third jurisdictional prerequisite is also met because the Agreements arise from a commercial relationship between the parties in which Plaintiff engaged Defendants to charter a small cruise ship for several days of travel to international destinations. [ECF No. 1 at 4 ¶ 17; 5 ¶ 27]; [ECF No. 13 at 2 ¶¶ 1–2, 4–5]; *see also Caporicci U.S.A. Corp. v. Prada S.p.A.*, No. 18-CIV-20859, 2018 WL 2264194, at *2 (S.D. Fla. May 7, 2018) (purchase agreement containing arbitration clause arose out of a commercial relationship between the parties).

Finally, the Court finds that the fourth jurisdictional prerequisite is met. The Court initially notes that Plaintiff states that he is domiciled in Saudi Arabia but does not state his citizenship. [ECF No. 1 at 1 ¶ 1]. Defendants similarly fail to properly identify Plaintiff's citizenship even though they point to Plaintiff's legal address to indicate citizenship. [ECF No. 13 at 8]. Section 202 of the FAA, however, looks to the citizenship of the parties to the arbitration agreement in question to determine whether the agreement "fall[s] under the Convention . . . ." 9 U.S.C. § 202. Nonetheless, the Court finds that the fourth jurisdictional prerequisite is met because the parties' "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." *See id.*; *Bautista*, 396 F.3d at 1294 n.7 (noting that the fourth jurisdictional prerequisite is met where "the commercial relationship . . . [has] some reasonable relation with one or more foreign states." (citation omitted));

*Leighton v. Royal Caribbean Cruises, Ltd.*, No. 16-CIV-20507, 2016 WL 1321417, at *4 (S.D. Fla. Apr. 5, 2016) (compelling arbitration was appropriate where the plaintiff's commercial relationship with the defendant "envisaged performance abroad."). Here, the parties' commercial relationship clearly "envisage[d] performance . . . abroad" as reflected in the itineraries in each of the Agreements, which reflect travel to international destinations. *See* [ECF No. 13-1 at 12] (voyage between July 5, 2018, and July 19, 2018, beginning in Monte Carlo, Monaco, and ending in Naples, Italy); [ECF No. 13-1 at 26] (voyage between August 13, 2019, and August 24, 2019, beginning and ending in Civitavecchia (Rome), Italy). Because performance of both Agreements was to occur abroad, the Court finds that the fourth jurisdictional prerequisite is met. *Leighton*, 2016 WL 1321417, at *4. Therefore, the four jurisdictional prerequisites are met, and compelling arbitration is proper.

    *2.       Plaintiff's Affirmative Defenses*

Plaintiff argues that arbitration is not the proper forum to adjudicate his claims because the Agreements are null and void as a result of his failure to comply with certain conditions precedent required by the Agreements. Plaintiff alleges that the conditions precedent he failed to comply with include: (1) timely signing the Agreements; (2) including a deposit with the Agreements; (3) providing full payment upon signing the Agreements; (4) providing a letter of credit; and (5) sending an original copy of the Agreements.[2] [ECF No. 14 at 9–13]. Importantly, Plaintiff does not argue that his claims fall outside the scope of the arbitration clause, but rather argues that the arbitration clause does not apply at all.

Plaintiff fails to properly raise any of the limited affirmative defenses recognized by the New York Convention and the Eleventh Circuit that would negate compelling arbitration. Plaintiff

---

[2] Notably, Plaintiff's arguments against arbitration rely on problems almost wholly of his own creation and stemming from his—and not Defendants'—failure to comply with the Agreements' contractual requirements.

does not allege that the Agreements were signed under fraud, duress, or mistake, or that a waiver occurred. *See Lindo*, 652 F.3d at 1272. Nor does Plaintiff challenge the validity of the arbitration clause itself. Rather, he challenges the validity of the Agreements as a whole. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010) (noting two types of validity challenges under Article 2 of the New York Convention, one that reaches the validity of the arbitration agreement—and thus for the district court to consider—and the other that reaches the validity of the contractual agreement as a whole—for the arbitration panel to consider); *Globecast N. Am. Inc. v. Eagle Broadband, Inc.*, No. 06-CIV-21721, 2006 WL 8432678, at *2 (S.D. Fla. Aug. 23, 2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of a contract's validity is considered by the arbitrator . . . ." (citation omitted)). Plaintiff's arguments against the validity of the Agreements are for an arbitration panel to decide.

Moreover, "under Florida law, whether a condition precedent is at issue is not relevant to contract formation," but rather "arises as a defense of non-performance." *Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 996 (11th Cir. 2012) (citation and internal quotation marks omitted); *see also Matos v. Coggin Auto. Corp.*, No. 3:16-CV-956-J-39PDB, 2016 WL 10789570, at *6 n.6 (M.D. Fla. Nov. 15, 2016), *report and recommendation adopted*, No. 3:16-CV-956-J-39PDB, 2017 WL 6948458 (M.D. Fla. June 29, 2017) ("[T]he Eleventh Circuit held that, under Florida law, conditions precedent are not a defense to contract formation and, therefore, the issue is for the arbitrator, not the court." (citation omitted)). And, "a party's challenge . . . to the contract as a whole[] does not prevent a court from enforcing a specific agreement to arbitrate . . . [because] an arbitration provision is severable from the remainder of the contract." *Rent-A-Center, W., Inc.*, 561 U.S. at 70–71 (citations and internal quotation marks omitted); *Globecast N. Am. Inc.*, 2006 WL 8432678, at *2 ("As a matter of substantive federal law, a valid arbitration provision is

severable from the remainder of the contract even if for some reason the contract is void or voidable."). Because Plaintiff fails to properly allege a valid defense that would make the arbitration clause unenforceable, the Court need only "determine whether a particular dispute is arbitrable . . . [by] interpret[ing] the scope of the arbitration clause . . . ." *Olsher Metals Corp. v. Olsher*, No. 01-CIV-3212, 2003 WL 25600635, at *4 (S.D. Fla. Mar. 26, 2003), *aff'd*, 90 F. App'x 383 (11th Cir. 2003) (determining scope of arbitration clause is a matter of federal law).

When faced with a broadly worded arbitration clause, the Court "should follow the presumption of arbitration and resolve doubts in favor of arbitration." *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1355 (S.D. Fla. 2009) (citations omitted). Here, the Agreements' arbitration clause states that "[a]ll disputes *arising out of or in connection* with this Agreement *shall be* referred to arbitration . . . ." *See, e.g.*, [ECF No. 13-1 at 9] (emphasis added). Applying the "strong presumption in favor of arbitration of international commercial disputes," *Bautista*, 396 F.3d at 1295 (citations and internal quotation marks omitted), the Court finds that Plaintiff's claims—and challenges to the validity of the Agreements as a whole—are within the scope of the arbitration clause's broad language and should be arbitrated. *See, e.g.*, *Bendlis*, 112 F. Supp. 3d at 1345 (broad arbitration clause survived expiration of employment agreement); *Mercury Telco Grp., Inc.*, 670 F. Supp. 2d at 1355–56 (broad arbitration clause captured claims presented in plaintiff's complaint); *Globecast N. Am. Inc.*, 2006 WL 8432678, at *2 (broad arbitration clause, in light of the presumption in favor of arbitration, required arbitration of claims). Because the four jurisdictional prerequisites are met and no affirmative defenses under the New York Convention were properly raised or apply to the Agreements, the Court finds that Plaintiff is required to submit his claims to arbitration.

### C.     Defendants' Motion to Dismiss

In addition to moving the Court to compel arbitration, Defendants move to dismiss this action in its entirety. The general provisions of the FAA apply "to actions and proceedings brought under [the Convention] to the extent that . . . [they do] not [] conflict" with the terms of the New York Convention. 9 U.S.C. § 208. Section 3 of the FAA requires that a district court "stay the trial . . . until such arbitration has been had in accordance with the terms of the agreement" where the district court is "satisfied that . . . [a] suit or proceeding is referable to arbitration under . . . an agreement . . . ." 9 U.S.C. § 3. However, "[t]he Supreme Court and the Eleventh Circuit hold that dismissal in the absence of a request for stay is appropriate." *Stapleton v. Nordstrom, Inc.*, No. 09-CIV-20193, 2009 WL 10667803, at *4 (S.D. Fla. Aug. 11, 2009), *report and recommendation adopted*, No. 09-CIV-20193, 2009 WL 10668756 (S.D. Fla. Sept. 30, 2009); *see also German Int'l Sch. of Fort Lauderdale, LLC v. Certain Underwriters at Lloyd's, London*, No. 19-CIV-60741, 2019 WL 2107260, at *3 (S.D. Fla. May 14, 2019) ("[W]here all issues presented in the lawsuit are arbitrable and the plaintiff has not requested a stay, the Eleventh Circuit and this Court have found that dismissal of the lawsuit is a proper remedy." (citations omitted)). Because Plaintiff must submit his claims to arbitration and neither party requests a stay, the Court finds that dismissal of this matter is proper.

### D.     Defendant SeaDream Yacht Club, Inc.'s Motion to Dismiss as an Improper Party, or in the Alternative, Motion for Summary Judgment

Finally, Defendant SeaDream Yacht Club, Inc., seeks to be dismissed from this action as an improper party, alleging that it was not named in the Agreements and "has no relationship to the vessel Plaintiff chartered, the proceeds of the charter or the operation of the negotiation of the [Agreements]." [ECF No. 13 at 11]. Alternatively, Defendant SeaDream Yacht Club, Inc., seeks summary judgment in its favor as an improper party. Plaintiff again disputes dismissal, arguing

10

that discovery at a later stage in the litigation may show an agency relationship between Defendants SeaDream Yacht Club, Inc., and SeaDream Yacht Club Limited Corporation. However, the appropriate forum for determining whether Defendant SeaDream Yacht Club, Inc., is a proper party to this action is in arbitration and not federal court. For example, the Agreements state that Defendant SeaDream Yacht Club Limited Corporation "*through its parent and affiliates . . . are the owners and operators of causal luxury yachts . . . [and] agrees to lease the passenger accommodations on board its Yacht . . . .*" *See, e.g.*, [ECF No. 13-1 at 5] (emphasis added). Whether such language imputes liability on Defendant SeaDream Yacht Club, Inc., is a question for the arbitration panel to determine. Therefore, Defendant SeaDream Yacht Club, Inc.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendants SeaDream Yacht Club, Inc., and SeaDream Yacht Club Limited Corporation's Motion to Dismiss and to Compel Arbitration, [ECF No. 13], is **GRANTED in part and DENIED in part**;

(2) Plaintiff Ramesh Cheruvoth is compelled to submit his claims against Defendants SeaDream Yacht Club, Inc., and SeaDream Yacht Club Limited Corporation to arbitration in accordance with Section 14 (Governing Law and Venue) of the Standard Yacht Hire Agreements;

(3) Defendants SeaDream Yacht Club, Inc., and SeaDream Yacht Club Limited Corporation's Motion to Stay Discovery During the Pendency of Defendants' Motion to Compel Arbitration, [ECF No. 25], is **DENIED as moot**; and

(4)     This case is **DISMISSED without prejudice** and **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 22nd day of October, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE